PER CURIAM. From February 5, 1883, to October 15, 1894, the defendant was a member of the association of which the plaintiff is now the receiver. An assessment for liabilities was duly made, and levied upon him on September 8, 1894, which he failed to pay, in consequence of which failure his membership ceased on the 15th day of the following month. The present controversy is submitted to the court to settle the question whether a member of the association is liable to the receiver for the payment of an assessment duly made upon him by the association while he was still actually a member thereof. The case thus differs radically from Gray v. Daly, 40 App. Div. 42, 57 N. Y. Supp. 527, in which this court reached the conclusion that a member who had paid all premiums and assessments levied upon him up to the time of his resignation was not subject to an assessment made by the receiver of the association after the termination of his membership. As to the question, however, whether, in the absence of an express agreement, an action would lie against the members of a benefit association to recover the amount of assessments levied upon them while they continued to be members, Mr. Justice Cullen pointed out that the weight of authority in this state is in favor of the proposition that such an action is maintainable. It is unnecessary to reconsider the cases there cited on this subject. They suffice, we think, to sustain the plaintiff's position in the present controversy, and require us to direct judgment in his favor. We may add that the liability of the defendant in the present case seems clearly contemplated by his express agreement in his application for membership to comply with all the requirements of the by-laws of the association, and by the various provisions in the by-laws concerning the levying and collection of assessments, which provisions he thus bound himself to observe upon entering into the association, and which are in no wise assailed as being unreasonable.

There must be judgment for the plaintiff upon the agreed statement of facts.

---

## BUTLER v. NEW YORK & Q. C. R. CO.

(Supreme Court, Appellate Division, Second Department. July 1, 1899.)

1. INJURY TO EMPLOYE—CONTRIBUTORY NEGLIGENCE.

An employé of an electric railway company, who, while accompanying a flat car a short distance in the discharge of his duty, rides thereon instead of on the motor car, which is designed for the accommodation of passengers, cannot, as a matter of law, be said to be guilty of contributory negligence, if injured while so doing.

2. SAME.

Nor can he be said to have been guilty of contributory negligence, as a matter of law, for sitting on a corner of the car, so that one of his legs was between the flat car and the motor.

3. SAME—OBLIGATION OF MASTER.

It is the duty of the master to exercise reasonable care in furnishing safe and suitable appliances for the servant to work with, and the servant has a right to rely on the discharge of this duty.

4. SAME—NOTICE OF DEFECT—CHARACTER THEREOF.

In an action to recover for personal injuries, evidence that an accident was due to the sudden falling off of the brake shoes of a car shows such

a defect as would authorize the jury in finding that the defendant, in the exercise of reasonable care, should have had notice thereof.

5. SAME.

In an action by an employé to recover for personal injuries, evidence that an accident was due to the sudden falling off of the brake shoes of a car shows a defect of which he, being temporarily engaged with the car, could not reasonably be supposed to have notice.

Appeal from trial term, Queens county.

Action for personal injuries by Patrick Butler against New York & Queens County Railroad Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Francis Farquhar, for appellant.

William C. Beecher (Robert Goeller, on the brief), for respondent.

PER CURIAM. The plaintiff in this case was injured, as he claims, by reason of a defective appliance which was furnished him by the defendant, and used in and about the performance of the duties which he was directed to perform. When the car was loaded with the ties, it appears that he, together with the persons employed in and about the same occupation, were given tickets to ride in the passenger car to which the loaded car was attached. The passenger car was equipped with motive power, and pushed the loaded car to the point of destination. It is undoubtedly true that during that trip, from the place where the loaded car was received to the point where the ties were unloaded, the plaintiff was bound to ride in the passenger car, and did so. After the car was unloaded, it appears that, in order to remove it from the main track, so that the passenger traffic might proceed unimpeded, it became necessary to push this car a short distance to a switch, upon which the same might be shunted. The passenger car was coupled to this flat car for the purpose of pushing it to the switch, and the plaintiff, in the discharge of his duties, was required to accompany the car. The jury were authorized to find from the testimony that the plaintiff was not furnished with a ticket to ride in the passenger car to the switch. It was comparatively a short distance, and, as the duty devolved upon him required that he should go, we think he may not be charged with contributory negligence, as matter of law, in riding upon the flat car. Nor do we think he is chargeable with contributory negligence, as matter of law, by reason of his taking the position thereon which he did. If the cars were in good order, the position which he occupied was not so palpably dangerous as that we can say it was negligence upon his part to occupy it. We think this question, in view of the distance the car was to go, and the circumstances of the case, was a question for the jury, and their finding is conclusive thereof.

It was the duty of the defendant to exercise reasonable care in furnishing a safe and suitable car for the purposes for which it was to be used, and upon the discharge of this duty by the defendant the plaintiff had the right to rely. The evidence warranted the jury in finding that the car was defective, and was so known to the defend-

ant, or, in the exercise óf reasonable care, might have been known. It appeared that some time prior to the accident the superintendent had been notified—at least the jury were authorized so to find—that the car was out of repair; and, when the foreman sent the plaintiff to obtain this car, the latter was directed to select the best one. The accident happened by reason of the sudden falling of the brake shoes from the car. This was evidently a defect of which the plaintiff could not reasonably be supposed to have had notice, and it was also a defect from which the jury were authorized to find that the defendant, in the exercise of reasonable care, should have had knowledge. The question, therefore, of whether the defendant had discharged its obligation in furnishing a safe and suitable car became one of fact for the jury, and their finding establishes the negligence of the defendant in this regard, and furnishes a safe basis for supporting the recovery which has been had.

It follows that the judgment should be affirmed.

## HALL v. JONES.

(Supreme Court, Appellate Term. June 28, 1899.)

REVIEW—RECORD—JUDGMENT ON QUESTION OF FACT.
    The judgment of the trial court on a question of fact will be affirmed when nothing appears in the record to show that injustice has been done.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Paul J. Hall against Roland D. Jones. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

C. E. Sutherland, for appellant.

Henry M. Stevenson, for respondent.

FREEDMAN, P. J. The plaintiff in this action entered into a written contract by the terms of which he was to do certain puttying, varnishing, and painting of the interior woodwork of a hotel in this city, belonging to the defendant. The contract contained the specifications, and the price to be paid to the plaintiff upon the full performance of the conditions of the contract by him was the sum of $700. This action was brought to recover a balance of $213.79, claimed to be due upon the contract. The defendant alleges that the plaintiff failed to perform the contract, and that the work done by him was defective, unworkmanlike, and not in accordance with the specifications. Upon this question a large amount of testimony was given by each of the contestants. It was purely a question of fact for the determination of the trial court, and, as nothing appears in the record to show that injustice has been done, the judgment must be affirmed.

Judgment affirmed, with costs to respondent. All concur.